UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBBIE GHOUNEIM,

                             Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
HOMELESS SERVICES,

                            Defendant.

1:19-CV-4862 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, appearing *pro se*, brings this action asserting that the defendant, the New York City Department of Homeless Services ("DHS"), is violating her rights and discriminating against her. She seeks damages and "reasonable accommodations to avoid threats [DHS] continue[s] to ignore." (ECF 2, p. 6.) The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983. By order dated October 25, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the grants Plaintiff leave to file an amended complaint.

## STANDARD OF REVIEW

        The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## BACKGROUND

**A.** ***Ghouneim v. DHS*, 1:19-CV-0748 ("*Ghouneim I*")**

On January 24, 2019, Plaintiff filed a *pro se* action in this Court against DHS and the African American Planning Commission, Inc.

Plaintiff alleged that the events that were the basis for her claims in *Ghouneim I* occurred between April 18, 2018, and January 24, 2019, in an unspecified homeless shelter. (ECF 1:19-CV-0748, 2, p. 5.) She asserted that the federal constitutional or statutory basis for her claims was "housing, exposing me to TB and mentally ill[] people with chronic mental illness and

chronic drug users and denying me the right to safety." (*Id.* p. 2.) She alleged that "[w]hen you try to follow up [with the shelter staff] they push you away start argument with you and then threaten to throw you out of a shelter because you complain[] about when are you going to meet to find out about housing, cleanliness, drugs, harassment [and] unsafe conditions . . . ." (*Id.* p. 5.) She also alleged that she "called the police constantly [and the shelter staff members] say [she is] crazy . . . ." (*Id.*)

By order dated March 13, 2019, the Court dismissed Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted, and declined to consider the remainder of her state-law claims under the Court's supplemental jurisdiction. *Ghouneim I*, No. 19-CV-0748, 2019 WL 1207857, at *1-3 (S.D.N.Y. Mar. 13, 2019). The Court construed Plaintiff's complaint in *Ghouneim I* as asserting § 1983 claims against the City of New York arising from its alleged failure to protect Plaintiff from exposure to contagious diseases in homeless shelters. *See id.* at *2-3. But the Court dismissed those claims, holding that because the City had "not restrained Plaintiff's ability to act on her own behalf or required her against her will to stay in a homeless shelter, [it] d[id] not have a corresponding duty arising under the United States Constitution to provide for her needs." [1] *Id.* at *3 (footnote omitted).

Plaintiff appealed. On June 20, 2019, the United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal as frivolous. *Ghouneim v. N.Y.C. Dep't of Homeless Servs.*, No. 19-659, 2019 WL 4409920 (2d Cir. June 20, 2019).

---

[1] The Court specifically dismissed Plaintiff's claims against DHS, a New York City agency, because DHS is not a suable entity. *See id*. at *1. Because the Court ultimately construed Plaintiff's § 1983 claims against DHS as brought against the City, and dismissed those claims for failure to state a claim, the Court declined to grant Plaintiff leave to amend her complaint to name the City of New York as a defendant. *Id.* at *2.

B.     **The present action**

On June 5, 2019, while Plaintiff's appeal in *Ghouneim I* was pending, Plaintiff filed the present action. She alleges the following facts: Plaintiff has resided in an unspecified homeless shelter or shelters since April 5, 2018.[2] She complained about unsafe conditions and about the religion-based discrimination she experienced. The shelter staff denied her housing. Plaintiff complained to the City of New York by calling 311 and the police, and by sending emails. She was harassed and assaulted.[3] The shelter staff "is only helping the immigrants who are [from] the islands and other states . . . ." (ECF 2, p. 5.) DHS police officers "failed to assist and security. They only responded to the Carribeans and Spanish majority of . . . shelters" in Manhattan, Brooklyn, and Queens. (*Id.* p. 5-6.)

Plaintiff seeks damages in the amount of $100,000 "for pain and suffering and denying me housing and subjecting me to women who may have TB, AIDS and other diseases." (*Id.* p. 6.) Plaintiff also seeks "reasonable accommodations to avoid threats [DHS] continues to ignore." (*Id.*)

## DISCUSSION

A.     **Claim preclusion**

Claim preclusion, also known as *res judicata*, limits repetitious suits, establishes certainty in legal relations, and preserves judicial economy. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The doctrine applies in a later litigation, if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in

---

[2] Because Plaintiff does not specify the shelter or shelters she has resided in since April 5, 2018, the Court cannot discern whether they are owned or operated by DHS. Plaintiff's mailing address is 40 Ann Street, New York, New York, which is a homeless shelter that may be operated by the Coalition for the Homeless, a private organization.

[3] Plaintiff does not specify who harassed and assaulted her.

4

privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 898 F. 3d 232, 237 (2d Cir. 2018), *cert. granted*, 139 S. Ct. 2777 (June 28, 2019). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action. *See Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001). "[A] dismissal for failure to state a claim operates as a final judgment on the merits and thus has res judicata effects." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (internal quotation marks and citation omitted). "And a judgment's preclusive effect is generally immediate, notwithstanding any appeal." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015). Claim preclusion is an affirmative defense that must be pleaded in a defendant's answer. *See* Fed. R. Civ. P. 8(c)(1). But the Court may raise claim preclusion on its own initiative. *See, e.g.*, *Scherer v. Equitable Assurance Soc'y of the United States*, 347 F.3d 394, 400 (2d Cir. 2003) ("It is well established law in this circuit that certain affirmative defenses, including res judicata, may be raised *sua sponte*.").

In *Ghouneim I*, Plaintiff asserted claims against DHS, the sole defendant in this action. Her claims in *Ghouneim I* arose from her experiences, between April 2018 and January 2019, in homeless shelters operated by DHS and the African American Planning Commission, Inc. She asserted that DHS failed to protect her from disease and otherwise failed to keep her safe. The Court dismissed Plaintiff's § 1983 claims against DHS in *Ghouneim I* for failure to state a claim,

holding that DHS is not a suable entity and that the City of New York does not have a duty to protect her in a homeless shelter. *Ghouneim I*, 2019 WL 1207857, at *1-3. The Second Circuit dismissed her appeal as frivolous. *Ghouneim*, 2019 WL 4409920, at *1.

It appears that Plaintiff may be asserting claims in this action that she previously raised in *Ghouneim I*, or could have raised in that action, against DHS or the City of New York. Plaintiff's claims in her present complaint are not identical to those she raised in *Ghouneim I*. But for the purpose of claim preclusion, the question is whether Plaintiff did assert those claims *or could have asserted them* in *Ghouneim I*. In both actions, Plaintiff has alleged facts concerning officials' inadequate efforts to protect her from disease and other unsafe conditions, and their failure to provide her housing. But it is not clear from the present complaint whether Plaintiff is describing events different from those she alleged in *Ghouneim I*, or if she is just alleging different motives for the same events alleged in that action. Because Plaintiff does not make clear in her present complaint the specific dates and locations of the events that are the basis for her claims in this action, the Court cannot determine whether the doctrine of claim preclusion prevents her from proceeding with these claims. The Court therefore grants Plaintiff leave to file an amended complaint in which she demonstrates why the doctrine of claim preclusion does not prevent her claims from proceeding.

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* violated her federally protected rights; *what* facts show that her federally protected rights were violated; *when* such violation occurred; *where* such violation occurred; and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and note service on the docket. The Court notes that Plaintiff has consented to electronic service of Court documents. (ECF 3.)

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-4862 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the

7

action will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is also directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 13, 2019
        New York, New York

                                         COLLEEN McMAHON
                                   Chief United States District Judge